UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALINE FELTON and
REGINA ADAMS, etc.,

    Plaintiffs,

vs.                                  CASE NO. 3:01-cv-934-J-32HTS

JOHN RICHARD AMMAN, etc.,
et al.,

    Defendants.

### O R D E R

This cause is before the Court on Flagler Hospital's Motion to Intervene (Doc. #89; Motion), filed on May 22, ss2006. The Motion is unopposed by Plaintiffs, *see* Motion at 4, and the time for filing opposition has passed.[1]

Movant requests "leave to intervene as a defendant in this action . . . on the ground that it is a hospital facility at which the Plaintiff received medical care and treatment, and said care and treatment was directly related to that care and treatment which forms the basis of Plaintiffs' complaint." *Id.* at 1. According to Movant, intervention under Rule 24(a), Federal Rules of Civil

---

[1] It appears that a proposed answer was intended to accompany the Motion, *see id.* at 1, but no such document was submitted.

Procedure (Rule(s)), is appropriate because it "has a significantly protectable interest in the tort suit brought by Mr. Harvey against his various treating physicians, either as an 'empty chair' defendant, or for purposes of subrogation or indemnity." *Id.* at 3.

Rule 24(a) requires, *inter alia*, that "the applicant claim[] an interest relating to the property or transaction which is the subject of the action[.]"  Here, it does not seem Flagler Hospital's asserted interest in the suit warrants intervention at this time.

Although subrogation and indemnity are mentioned as possible bases for intervening, *see* Motion at 3, those concepts do not appear, without further explanation, to apply to the instant situation.[2] If it is being asserted intervention as of right is appropriate simply to protect Flagler Hospital's interest as a creditor, this is not found persuasive.  Movant also suggests it could be named by Defendants as an "'empty chair' defendant[.]" *Id.* However, it is unclear from the pleadings that it would be so implicated, and no evidence has been offered that any Defendants are pursuing such a course.

---

[2]   Subrogation is defined as "[t]he substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." Black's Law Dictionary 1440 (7th ed. 1999).  Indemnity is "[t]he right of an injured party to claim reimbursement for its loss, damage, or liability from a person who has such a duty." *Id*. at 772.

Based on the foregoing, the Motion (Doc. #89) is **DENIED** without prejudice to a motion establishing facts that demonstrate intervention is proper.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of July, 2006.

      /s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any